58 NEW YORK SUPPLEMENT (Sup. Ct.
and 92 New York State Reporter.

from the fraud or gross negligence of the carrier is a prerequisite to recovery. Lamb v. Transportation Co., 46 N. Y. 271; Cochran v. Dinsmore, 49 N. Y. 249. There is no distinction in principle between loss or damage due to fire and loss or damage due to breakage. In all cases the burden is on the plaintiff to show that the injury arose from a cause for which, by the very terms of the contract, the carrier was to be liable. Platt v. Railroad Co., 108 N. Y. 358, 15 N. E. 393. Slight evidence, however, may suffice to shift the burden to the defendant, or, more correctly stated, to discharge the burden, and make it incumbent on the defendant to prove that the loss was not occasioned by the causes invoked. Proof of the nature of the accident may afford prima facie proof of ·negligence. Wintringham v. Hayes, 144 N. Y. 1, 38 N. E. 999; Russell Mfg. Co. v. New Haven Steamboat Co., 50 N. Y. 121; Koenigsheim v. Packet Co., 17 Wkly. Dig. 405. We think that in the case at bar a prima facie case of gross negligence was established: " 'Gross negligence' is a relative term. It is doubtless to be understood as meaning a greater amount of care than is implied by the term 'ordinary negligence'; but, after all, it only means an absence of the care that was requisite under the circumstances." Davis, J., in Railway Co. v. Arms, 91 U. S. 489. There was an absence of such care in the case at bar. The defendant was apprised of the contents of the case. The violin had been frequently shipped over defendant's line without a crate, and safely carried to its destination; yet on this occasion the defendant requested the adoption of a particular form of packing, thus dictating a method of protection which it deemed sufficient. Had the defendant itself undertaken to do the packing, there could be no question as to its negligence. Notwithstanding the demonstrated adequacy of the packing, and notwithstanding obedience to defendant's instructions, the crate and violin arrived in such a damaged and dilapidated condition as to raise the presumption of reckless handling. As the defendant offered no proof to overcome this presumption, the judgment of the court below should not be disturbed.

Judgment affirmed, with costs to the respondent. All concur.

---

ANTHONY v. CARL.

(Supreme Court, Appellate Term. June 28, 1899.)

1. BENEFICIAL ASSOCIATIONS—ODD FELLOWS—FUNERAL FUND.
The by-laws of the Grand United Order of Odd Fellows provide that 12 months' initiation into the lodge and payment of all dues arising from monthly or funeral fund contributions, fines, etc., that may be legally demanded of him by the lodge shall entitle a member, in the event of death, to $80, payable, on certain conditions, to the widow. *Held*, that where a member was in arrears to the funeral fund for several dues before his death, whether or not an actual demand had been made on him for them, his widow has no right in the funeral fund.

2. SAME—INSURANCE COMPANY.
The Grand United Order of Odd Fellows is not a pecuniary benefit and mutual assurance society, but is a fraternal association, organized mainly for relief and benefits other than financial.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Mary Ann Anthony against William Carl, treasurer of the Philomathean Lodge, No. 646, Grand United Order of Odd Fellows. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

B. G. Oppenheim, for appellant.
Smith & Cochrane, for respondent.

MacLEAN, J. It is provided in the by-laws of the unincorporated association of which the defendant is treasurer that "twelve months' initiation into the lodge and payment of all dues arising from monthly or funeral fund contributions, fines, etc., that may legally be demanded of him by the lodge shall entitle a member, in the event of death, to eighty dollars," which, upon conditions, assumable here, are payable to the widow. The plaintiff is the relict of one James Anthony, who was for some years a member of the lodge, and who died December 22, 1898. In his "financial book," or official showing of the deceased member's payment of dues, there appears no payment of monthly dues after July, 1898, and no payments into the funeral fund during the year. It appears uncontradictedly that six persons died during the year, and that the deceased member was in arrears to the funeral fund for contributions by reason of three of them in May, or seven months before his death; that he was then, upon the payment of certain arrears for the preceding year, officially reminded of the fact, and that he promised to pay the same, but did not. Thus in arrears for his dues, and in default as to his contributions, the deceased had forfeited his rights in the fund, and neither his widow nor other beneficiary could make valid claim for the "funeral money." Stress is laid by counsel for the respondent upon the words quoted above, "may legally be demanded of him by the lodge," and it is contended for the plaintiff that it was necessary for the defendant to prove that actual demand had been made for the monthly dues and for the funeral contributions. He seems also to regard the lodge as a pecuniary benefit and mutual assurance society. The learned trial justice may have taken the same view, as he found for the plaintiff. This is a mistaken view of the Philomathean, which, as appears by declaration, introduced by the plaintiff, of its principles and purposes, was formed for higher aims, for the promotion of fraternal association, and for relief and benefits in which money plays no part. To foster such association, the members are required to attend the regular bimonthly meetings, at which they are assigned in turn to attendance upon the sick, to visits of consolation, and participation in the last offices for the dead. Incidentally, provision is made for assistance and relief in money, which comes from dues, stated contributions, and fines. The contributions are payable forthwith on being taxed. The dues are to be paid by members in person each month, and at the meetings. They may not be transmitted to the lodge, excepting under certain excuses, of the instance of which herein

no suggestion was made. So strict is the by-law that it forbids the treasurer to receive or credit any dues or taxes sent him saving upon exceptions just referred to, it being the avowed intention expressed in the preamble of the by-laws to constrain all members to attend the regular gatherings for the promotion of the purposes for which the Philomathean was founded. As the plaintiff failed to prove conditions precedent to her recovery, it was error to find in her favor. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.